on behalf of Joshua Schulte. There is no evidence in this case that Joshua Schulte violated any of the bail conditions by having his roommate access the internet on his behalf. In this case, as part of the written and oral bail orders, Judge Crotty specifically allowed pretrial services discretion whether or not they would allow Joshua Schulte to access the internet. The actual provision specifically states that Mr. Schulte shall refrain from possessing or using a computer network or internet access unless specifically approved by pretrial services. Pretrial services shall use its discretion, which it did here, as to whether the defendant should or should not possess any devices with internet access while out on bail. If pretrial services believes the defendant can possess such device, then pretrial is authorized to monitor that device. That was the court's written order. Consistent with that written order, Mr. Schulte and his roommate spoke to Officer Moscato of Pretrial Services in late September and asked him permission for Mr. Schulte's roommate to have a computer in the apartment as well as to do internet searches and check the email from Mr. Schulte. On two occasions, they spoke to Officer Moscato, and Officer Moscato allowed that. However, when this issue was addressed in front of Judge Crotty, Judge Crotty refused to ask Officer Moscato any questions. I had proffered as part of the bail hearing that Officer Moscato had spoken to him and he had agreed that that was the understanding. The government didn't challenge that assertion. Judge Crotty didn't challenge that assertion. However, when it came to deciding, he found a... Does Judge Crotty know better than we do what his conditions were? He does. And whether this going to the bail officer, to the probation officer, was really something that he thought was going around his order? But it wasn't going around his order. If you look at the terms of both the oral and the written orders, they specifically allowed Pretrial Services' discretion. His judgment of what was going on, put together with this uncertain matter of the Virginia arrest, caused him to rethink what he had done before in overturning the magistrate judge's denial of bail. And are we in a position to say that that's manifestly erroneous? I mean, you know, we could decide it, but here's the guy on the spot who decided it for you, who thinks that there are things now going on that make him rethink that. Can we really say that that's manifestly erroneous? Well, what Judge Crotty did was, is he used a specific statute that is used for violations of bail conditions to remand Mr. Schulte. So it's not simply a question... You made this argument to Judge Crotty. I did. It was authorization from Officer Moscato. That is correct. And he didn't accept it. Well, that's kind of the issue here, because the only evidence... I mean, are we in a better position to decide whether that's a fair defense or not? Well, the question is whether or not Judge Crotty's decision was clearly erroneous. The only facts that were listed at the proper... Didn't you acknowledge below that Officer Moscato said he never intended to give your client carte blanche, that there was a misunderstanding? Yes, but part of that, you know, the totality of that... Is it your position also that Officer Moscato authorized access to TOR? Well, his authorization didn't specify the method to go online. So it simply allowed the roommate to access the Internet at his behalf? That's what Judge Crotty kind of anticipated, and that that's the kind of access that the pretrial service would have the authority to use, the anonymized kind of network. I understand your concern. However, the... Because it seems so obviously outside what Judge Crotty might have expected the pretrial services officer to authorize, and it seemed that Officer Moscato was also taken by surprise. That may be true, but at the end of the day, Officer Moscato was doing his... what he believed he was allowed to do based on the court's order, and Mr. Schulte was following what pretrial services allowed him to do. So for now, to fault Officer Moscato and Mr. Schulte for following what was the court's order, yes, there could have been more clarification, but the issue is whether or not he violated the bail conditions. The bail conditions, as set forth, weren't violated. You saved a minute. Yeah, thank you. We'll hear from the government. Good morning. May it please the Court. My name is Matthew LaRoche.  in the Southern District of New York. I represent the government on appeal, and I represented the government below in this case. Judge Crotty did not err, much less clear error... commit clear error in determining that the defendant should be detained in this case. The defendant flagrantly violated his bail conditions by directing his roommate to use TOR. There is no dispute in this case that the use of TOR was not expressly authorized by Officer Moscato. Did it have to be expressly authorized? I mean, if Officer Moscato gave permission for the roommate to access the internet for Mr. Schulte, you know, why isn't that enough? The bail order actually says express authorization by pretrial services, Your Honor. And I think what Judge Crotty found, which is, we think, consistent with a reasonable interpretation of the bail order, that is, if the defendant wanted to use TOR, I mean, that is so beyond what would be reasonable or appropriate for a defendant on pretrial release. In particular, given what had been proffered about TOR to the court. Was it clear that his cousin couldn't do that? So, on his behalf, I believe so, Your Honor. I believe that if the cousin wanted to use TOR on the defendant's behalf, again, this just gets back to what would be a reasonable interpretation of the bail provisions. Here, we have proffered to the court below that TOR is specifically used to hide internet activities. We've also proffered to the court that this defendant, while he was allegedly committing the child pornography cases, was using TOR. There's evidence of that as well. And even more to the point, the defendant actually admitted that he was using TOR while on pretrial release so he could hide his internet activities. Judge Crotty had all of that information before him when he could make a determination about whether he violated his bail conditions. And he was also balancing this against an intervening additional felony sexual assault arrest from another jurisdiction in determining whether he both violated those conditions and whether he was a danger to the community. So we don't think that Judge Crotty erred, much less committed clear error in making that determination. Did he go on the Virginia arrest? I'm sorry, Your Honor? Did he base his decision on the intervening Virginia arrest? He balanced it with the intervening Virginia arrest, Your Honor. Was that part of the basis of his decision or did he say he violated the bail order? He said both, Your Honor. He said there are a combination of things that happened here, both the use of a sophisticated methodology he was referring to TOR and also the intervening felony arrest in Virginia which made Judge Crotty come to the conclusion that he was a danger to the community. I'd also just note that this was based on an extensive record here. There were three different court appearances where there were extensive. The reason I emphasize that is that opposing counsel said he based it only on the violation of bail. So I want to be clear if Judge Crotty was considering also this new piece of information. He was, Your Honor. And the government filed a letter on December 7th arguing that the use of internet in connection with, in addition to the intervening federal  for felony sexual assault charges was sufficient to revoke this defendant's bail. So, yes, he was basing both of those things on the ultimate bail determination. Did Judge Crotty specifically refer to the Virginia case? He did, Your Honor. He did. I see my time is up unless there are any other questions the government has. Time is not up, but if you don't have anything else. Oh, I'm sorry. I thought I was up. I missed the light. So I'd just note that the record here was extensive before I sit. There was three separate bail arguments that Judge Crotty had before him. There was also the evidence of what the defendant was doing while on pretrial release. And finally, there was this intervening arrest. And so Judge Crotty was in the appropriate position to make that determination of whether he should be detained. And we believe he made that appropriate determination. Thank you. Thank you. We'll hear the rebuttal. Thank you. Just briefly, to address the issue of Virginia, Judge Crotty found that the violation of the bail conditions was the basis under Section 3148. However, the second part of the analysis under 2B of that statute requires that the finding of whether or not there are a combination of conditions. As part of that analysis, Judge Crotty considered the Virginia arrest as to whether or not I'm reading from his ruling. I find that there is a combination of events here, including the fact that the victim has now been identified in Virginia, there is a clear danger. He's not going to be relying on both. I agree about the clear danger, but the clear danger only comes into play after you have a finding under the first section that there's a violation under Section 3148. First, you must find a violation of the court's bail order. Then, as a second step, once you find a violation, you determine whether or not there's a combination of conditions to allay the danger. As part of that analysis, Judge Crotty found, after finding clearly erroneously, we believe, that there was a violation of the conditions, he then found that there was a danger based on the Virginia case. Thank you.